UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                                           Case No. 11-CR-153

JOHN EDWARD SCHMIDT, JR.,

          Defendant.

---

## ORDER ON THE DEFENDANT'S REQUEST
## FOR AN EVIDENTIARY HEARING

---

The grand jury in this district returned an indictment on July 12, 2011 charging John Edward Schmidt, Jr, ("Schmidt") with possessing a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (Docket No. 1.) On August 12, 2011, Schmidt filed a motion to suppress wherein he requested an evidentiary hearing. (Docket No. 8.) Schmidt argues that the firearm should be suppressed because police recovered it from the backyard of the duplex where he lived without a warrant and thus in violation of the Fourth Amendment. (Docket No. 8.) Schmidt also contends that his post-arrest statements should be suppressed as a fruit of the illegal seizure and because there was a delay of roughly 84 hours between his arrest on municipal warrants and his initial appearance before a judicial officer. (Docket No. 8.)

The government failed to timely respond to the defendant's request for an evidentiary hearing. Ordinarily, the court would consider the lack of response to indicate agreement to the defendant's request for an evidentiary hearing, and therefore the court could simply grant the

defendant's request. However, in this matter, defense counsel states that during the Crim. L.R. 12(c) conference, the AUSA said that she would take a position on the need for an evidentiary hearing only after the motion was filed. The court's review of the motion warranted a response regarding the need for an evidentiary hearing, so it explicitly ordered the government to respond to the defendant's request.

In the government's response, the AUSA states that she did not know that weekend days were included in the 3-day response period allotted under Crim. L.R. 12(c). Weekend days have been counted in every time period since the 2009 amendment of the Federal Rules of Civil Procedure. The only exception is if the *last* day falls on a weekend or holiday, in which case the deadline extends to the next business day, Fed. R. Civ. P. 6(a)(1)(C); there is no exception when the *first* day is a weekend or holiday.

Before addressing the issue of whether or not an evidentiary hearing is necessary, comment regarding local procedures is warranted. First, the change in how days are counted has been in effect for about 18 months, but this court frequently finds that when the response period for a request for an evidentiary hearing straddles a weekend, it becomes necessary to send a reminder notice to the AUSA. One would like to believe that by now, especially after several instances where the court has pointed out the change in how days are counted vis-à-vis the government's response under Crim. L.R. 12(c), word of this change would have been quickly communicated through the office of the United States Attorney. See, e.g., Case Nos. 10-CR-41 (Docket No. 11); 10-CR-163 (Docket No. 50); and 11-CR-103 (Docket No. 22). Apparently this is not the case.

Second, while it is not incumbent upon the court to remind the government's attorneys of their obligations under the local rules, as can be seen in this case, the court needs input from both parties in deciding whether a hearing is necessary. Thus, this court will take this opportunity to send another, but even stronger message to the U.S. Attorney's Office – follow the procedures set forth

in Crim. L.R. 12(c) to the fullest and in a timely manner. In a final effort to get the message out, the court will send a copy of this order to the United States Attorney and his Criminal Division chief.

Turning now to the merits of the defendant's request, it is well-established that a defendant is not entitled to an evidentiary hearing as a matter of course. United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998). Instead, evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. Id. (citing United States v. Rollins, 862 F.2d 1282 (7th Cir. 1988)).

With respect to Schmidt's contention that the firearm was recovered in violation of the Fourth Amendment, the government contends that an evidentiary hearing is not needed because the facts leading to the recovery of the firearm are contained in a police report, which the government provided to the court. (Docket No. 9.) But simply because a police report contains information indicating how the firearm was recovered does not necessarily mean that an evidentiary hearing is not needed. The court is not bound to accept the information contained in a police report as true, and thus an evidentiary hearing may be required if any of these relevant facts are disputed by the defendant.

Whether any specific facts are in dispute is what Crim. L.R. 12(c) contemplates the parties working out amongst themselves before the motion is filed. The government simply stating it will wait until the motion is filed to consider whether an evidentiary hearing is necessary is inconsistent with the intention behind the meet and confer requirement of Crim. L.R. 12(c). Frankly, the exchange between the parties that is now occurring on the record should have all occurred prior to the defendant's motion being filed. If the AUSA believed that the facts contained in the police report are sufficient to provide the court with a factual basis for determining the lawfulness of the recovery of the firearm, the prosecutor should have communicated this to defense counsel at the

3

time defense counsel indicated she would be requesting an evidentiary hearing on her client's motion to suppress. At that point, defense counsel would have been able to review the police report and determine whether the defendant agreed with that recitation of facts such that the parties would be able to stipulate that the court may rely upon the report for purposes of resolving the defendant's motion. On the other hand, if there was a factual dispute, a relevant gap in the record, or a credibility issue, defense counsel likely would be able to more specifically identify the nature of the need for an evidentiary hearing.

Therefore, prior to resolving the defendant's request for an evidentiary hearing on this aspect of his motion to suppress, the court shall order the parties to meet and confer to determine specifically which, if any, facts are in dispute. Matters the parties should discuss include: (1) whether the police reports may serve as factual basis for the court to resolve the motion to suppress; (2) whether the parties may be able to prepare a separate stipulation as to the relevant facts; and (3) which specific relevant facts are in dispute. No later than **August 24, 2011**, the defendant shall submit a letter to the court indicating the results of the conference. If the defendant contends that an evidentiary hearing remains necessary, the defendant shall indicate the specific factual issues to be determined.

For the future, the court reminds all attorneys that these sorts of discussions must occur before a request for an evidentiary hearing is filed. The local rule was established, with the input of both defense counsel and the U.S. Attorney's Office, to provide an efficient and effective procedure in regard to scheduling evidentiary hearings. An AUSA simply stating that he or she will wait until a motion is filed before taking a position as to whether any facts are in dispute such that an evidentiary hearing is necessary is inconsistent with the purpose of Crim. L.R. 12(c). Rather, both parties must confer and discuss the need for an evidentiary hearing. This will enable defense

counsel to indicate in the motion why the request for an evidentiary hearing is necessary, and it will enable government counsel to cogently respond if there is an objection.

Parenthetically, the court is cognizant of the fact that, in some instances, defense counsel wishes to be circumspect in the challenge so as not to tip his or her hand to the government regarding defense strategy. Nevertheless, since it is the defendant's obligation to persuade the court that a hearing is necessary, the more specific the defendant can be regarding the matters in dispute, the better able the defendant will be to satisfy this burden.

As for Schmidt's argument that his statements should be suppressed because roughly 84 hours elapsed between his arrest and his first appearance before a judicial officer, the court concludes that an evidentiary hearing is unnecessary. Schmidt does not explicitly state a reason he believes suppression is appropriate. Perhaps he is alleging that the delay violated the "prompt presentment" requirement contained in Fed. R. Crim. P. 5(a) and 18 U.S.C. § 3501(c) or sometimes referred to as the McNabb-Mallory rule, see McNabb v. United States, 318 U.S. 332 (1943); Mallory v. United States, 354 U.S. 449 (1957).

However, these provisions apply only when a defendant is held on a federal charge. United States v. Alvarez-Sanchez, 511 U.S. 350, 357-58 (1994). There is a limited exception to this rule when there is a close coordination between state and federal authorities and for all intents and purposes a defendant is being held on federal charges despite the technicality of being held by state officials, or federal officials intentionally try to exploit state custody as a means to avoid the federal prompt presentment requirement. United States v. Carter, 910 F.2d 1524, 1528 (7th Cir. 1990). It is the defendant's burden to establish that either of these exceptions is applicable. Id.

Based upon the information contained in the defendant's motion as well as Wisconsin circuit court records, which the court may consider for present purposes pursuant to Fed. R. Evid. 201, there is no indication that Schmidt was held on a federal charge. Rather, Schmidt was initially held

on a municipal warrant resulting from an unpaid fine and then was charged in state court on June 7, 2011 with being a felon in possession of a firearm. See Milwaukee County Circuit Court Case No. 2011CF002540. This state case proceeded, and it was not until more than a month later that the grand jury returned the present indictment. (Docket No. 1.) Thus, there is absolutely no reason to believe that the limited exception contained in Carter applies in the present case.

Alternatively, the defendant may be attempting to argue that the government violated Riverside, see County of Riverside v. McLaughlin, 500 U.S. 44 (1991), which requires that a judicial officer find probable cause for a defendant's detention within 48 hours of his arrest. As a preliminary matter, it is undisputed that Schmidt was initially held on a municipal warrant and thus by virtue of the warrant a judicial officer necessarily found probable cause for his detention. Additionally, although the specific times are not included in his motion, it is clear that Schmidt's statements were both given within 48 hours of his arrest (Schmidt arrested during the "evening hours" of June 2, 2011; first interview occurred at 11 p.m. that evening; second interview occurred the following day at about 6 p.m.) and thus necessarily not the product of any exploitation of a Riverside violation. Therefore, the court finds no basis to hold an evidentiary hearing on this aspect of the defendant's motion. Rather, the court shall entertain briefs from the parties on this issue. The prior briefing schedule (Docket No. 6) is **suspended**; the court shall set a schedule for submitting briefs upon review of the defendant's submission regarding the need for an evidentiary hearing related to the recovery of the firearm.

SO ORDERED.

Dated at Milwaukee, Wisconsin this 18th day of August, 2011.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge